UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cr-20306-GAYLES/TORRES

UNITED STATES OF AMERICA

v.

LUIS FERNANDO VUTEFF,

    Defendant.
_____/

## GOVERNMENT'S MOTION TO DISQUALIFY COUNSEL EDWARD ROBERT SHOHAT AND JONES WALKER AS TO DEFENDANT

The United States, by and through its undersigned attorneys, hereby files this motion to disqualify counsel Edward Robert Shohat and Jones Walker as to defendant Luis Fernando Vuteff ("Vuteff" or "Defendant"). The government respectfully submits that there is an actual conflict of interest and that Mr. Shohat's prior attorney-client relationship with Witness 1 (and potentially Witness 2 through a joint defense agreement)[1] is such that allowing Mr. Shohat to continue to represent Defendant in this case would jeopardize Defendant's right to effective assistance of counsel. Further, the efficient administration of justice outweighs Defendant's Sixth Amendment right to counsel of choice. Disqualification of Mr. Shohat and his firm, Jones Walker, is required by the applicable law, the applicable rules, and the facts of this case.

---

[1] The identities of Witness 1 and Witness 2 are known to both parties and are anonymized to protect their safety. If the Court believes a hearing is necessary, then the government would request a status to discuss logistical concerns prior to scheduling such hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 12, 2022, a federal grand jury in the Southern District of Florida returned an Indictment charging Vuteff with one count of conspiring to launder money, in violation of 18 U.S.C. § 1956(h). [DE 10]. This charge arose from Vuteff's role in a bribery and money laundering scheme beginning in or around December 2014 and continuing until at least August 2018. In furtherance of the scheme, it is alleged that Vuteff conspired with others to launder the proceeds of an illegal bribery scheme using the U.S. financial system as well as various bank accounts located abroad. The co-conspirators laundered the illicit proceeds in connection with a corrupt foreign currency exchange scheme involving bribery of Venezuelan officials. Vuteff and his co-conspirators discussed and agreed to create the sophisticated financial mechanisms and relationships required to launder more than $200 million related to the scheme as well as open accounts for or on behalf of at least two Venezuelan public officials to receive their bribe payments related to the scheme.

On July 14, 2022, Edward R. Shohat, David S. Weinstein, and Monique Garcia of Jones Walker LLP entered a notice of temporary attorney appearance. [DE 12]. Prior to Defendant's extradition from Switzerland and his initial appearance before this Court on August 19, 2022 [DE 17], Mr. Shohat informed the undersigned attorneys that he had previously represented Witness 1, who would be adverse to Defendant if Defendant proceeded to trial, and as part of that prior representation he also participated in at least one joint defense agreement meeting with Witness 2 who would also be adverse to Defendant if Defendant proceeded to trial. Mr. Shohat acknowledged to the government that the prior matter, wherein he represented Witness 1 (and participated in the joint defense agreement meeting with Witness 2), is substantially related to the

2

current matter involving his representation of Defendant. Further, while Mr. Shohat indicated Defendant is willing to execute a waiver of conflict, Witness 1 (and Witness 2) are unwilling to execute a waiver of conflict. On October 24, 2022, Mr. Shohat and Mr. Weinstein entered their Notices of Appearance on behalf of Mr. Vuteff.

## LEGAL STANDARD

A. Case Law

"The right to conflict-free counsel is included in the Sixth Amendment right to effective assistance of counsel." *United States v. Gutierrez*, No. 10–80083–CR, 2010 WL 3769448, at *2 (S.D. Fla. Aug.3, 2010) (citing *Duncan v. Alabama*, 881 F.2d 1013, 1017 (11th Cir.1989)). "In determining whether to disqualify a defendant's counsel, a court must balance the right to counsel of defendant's choice with the defendant's right to a conflict-free attorney." *Id*. (citing *Wheat v. United States*, 486 U.S. 153, 162–63, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988)).

While a defendant has a right to be represented by his counsel of choice, this right is not absolute. *United States v. Ross*, 33 F.3d 1507, 1522-23 (11th Cir. 1994). "The need for fair, efficient, and orderly administration of justice overcomes the right to counsel of choice where an attorney has an actual conflict of interest, such as when he has previously represented a person who will be called as a witness against a current client at a criminal trial." *Id*.

To decide if a conflict warrants disqualification, the court must examine whether the subject matter of the first representation is substantially related to that of the second. *Id.* at 1523. The examination pursues "to discover whether the defense lawyer has divided loyalties that prevent him from effectively representing the defendant." *Id*. Disqualification may be proper if a conflict could deter an attorney "from intense probing of the witness on cross-examination to

3

protect privileged communications with the former client or to advance the attorney's own personal interest." *Id*. Further, if one attorney in a law firm has a conflict of interest, this conflict is imputed to all attorneys in the firm. *Id*.

In cases where an actual conflict would subject an attorney to disqualification, a client may waive this conflict, so long as the waiver is knowing, intelligent and voluntary. *Id*. at 1524. However, even if all affected clients waive a conflict of interest, a district court may, in its discretion, disqualify the conflicted counsel. *See Wheat*, 486 U.S. at 160, 162. This is because "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Id*. at 160. Therefore, district courts have "substantial latitude" to refuse a client's waiver "not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses." *Id*. at 163.

"A decision regarding a motion for disqualification, whether granted or denied, is not immediately appealable. If the defendant is convicted, the decision is subject to review, regardless of outcome, for insufficient assistance of counsel. The standard for such review is abuse of discretion." *United States v. Miranda*, 936 F. Supp. 945, 949 (S.D. Fla.1996).

B. <u>Local Rules</u>

Pursuant to Rule 11.1(c) of the Local Rules for the Southern District of Florida, "[t]he standards of professional conduct of members of the Bar of this Court shall include the current Rules Regulating the Florida Bar." Most relevant here: Rule 4–1.7 of the Florida Bar's Rules of Professional Conduct provides, in pertinent part:

4

> (a) Representing Adverse Interests. Except as provided in subdivision (b), a lawyer shall not represent a client if;
>
>> (1) the representation of 1 client will be directly adverse to another client; or
>> (2) there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a conflict of interest under subdivision (a), a lawyer may represent a client if:
>
>> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>>
>> (2) the representation is not prohibited by law;
>>
>> (3) the representation does not involve the assertion of a position adverse to another client when the lawyer represents both clients in the same proceeding before a tribunal; and
>>
>> (4) each affected client gives informed consent, confirmed in writing or clearly stated on the record at a hearing.
>
> Rule 4–1.9 of the Florida Bar's Rules of Professional Conduct provides:
>
> A lawyer who has formerly represented a client in a matter shall not thereafter:
>
>> (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent; or
>>
>> (b) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known; or
>>
>> (c) reveal information relating to the representation except as these rules would permit or require with respect to a client.

## ARGUMENT

Both the case law and the local rules require disqualification of Mr. Shohat and his firm.

In the pre-trial stage, a court may disqualify an attorney if it determines that either an actual or a

potential conflict of interest exists. *See United States v. Ross*, 33 F.3d 1507, 1523 (11th Cir. 1994); *United States v. Culp*, 934 F. Supp. 394, 399 (M.D.Fla.1996). Where the prior representation was substantially related to counsel's current representation, courts in the Southern and Middle Districts of Florida have disqualified defense counsel on the strength of potential conflicts. *See United States v. Delorme*, 2009 U.S. Dist. LEXIS 2259 at * 16–20, 2009 WL 33836 at *6 (disqualifying counsel where counsel had previously represented a government witness on substantially related, but separate activities as the current defendant); *United States v. Miranda*, 936 F.Supp. 945, 950–52 (S.D. Fla. 1996) (disqualifying counsel for prior representation of a government witness and rejecting proposal that independent counsel conduct cross-examination to alleviate conflict); *Culp*, 934 F.Supp. 394, 396–400 (M.D. Fla. 1996) (holding that counsel should be disqualified where he represented prospective government witnesses prior to the defendant on charges related to the instant action). When a witness at trial was defended by an attorney representing the defendant against charges related to an identical crime, the attorney has an "actual" conflict of interest. *United States v. Campbell*, 491 F.3d 1306, 1311 (11th Cir. 2007).

Here, the conflict is serious as the subject matters of the prior representation of Witness 1 and current representation of Mr. Vuteff are substantially related, involving the same charged conduct Mr. Vuteff is alleged to have violated. This conflict could cause Mr. Shohat to improperly use privileged communications in cross examination of Witness 1, Witness 2, and/or other witnesses. As such, disqualification is appropriate.

Further, in *Ross*, the Eleventh Circuit affirmed a district court's determination that a defendant's lawyer of choice "suffered insurmountable conflict of interest problems" when that lawyer's law partner had represented a government witness in a prior, related action. 33 F.3d at

6

1522-23. There, the witness had paid a retainer to the lawyer, and testimony about that transaction "would have opened the door to potential conflict, as defense counsel could either have tread dangerously close to confidential matters in attempting to explain this transaction or, alternatively, could have improperly avoided related issues." *Id*. at 1523. The Eleventh Circuit held that, despite the defendant's waiver of the conflict, the district court did not abuse its discretion by failing to accept the waiver when there were many actual or potential conflicts of interest that could have impeded the trial and undermined the integrity of the judicial system. *Id*. at 1524. Here, the situation cannot be cured by having Jones Walker represent Mr. Vuteff. Much like the situation in *Ross*, Mr. Shohat and Jones Walker, have an actual conflict of interest and the need for fair, efficient, and orderly administration of justice outweighs the right to counsel of choice.

In addition to the case law, under Rule 4–1.7(a)(1), the representation of Mr. Vuteff will be directly adverse to Witness 1. Under Rule 4–1.7(a)(2), there is a substantial risk that the representation of Mr. Vuteff will be materially limited by Mr. Shohat's responsibilities to Witness 1. Further, Witness 1 (and Witness 2) has refused to consent to the representation of Mr. Vuteff by Mr. Shohat and will not waive the conflict orally or in writing.

Further, if Mr. Shohat were allowed to continue to represent Mr. Vuteff in this case, he would violate Rule 4–1.9(a) and (b). Under that Rule, Witness 1 has not consented to Mr. Shohat's representation of Mr. Vuteff; the two matters are substantially related, and the interests of Witness 1 and Mr. Vuteff are materially adverse to one another. Additionally, Mr. Shohat could impermissibly use information relating to the representation to the disadvantage of Mr. Vuteff.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests the Court to grant this motion disqualifying Mr. Shohat and Jones Walker. The United States has consulted with counsel for Mr. Vuteff and they oppose this motion.

                Respectfully Submitted,

| | |
|---|---|
| GLENN S. LEON<br>CHIEF, FRAUD SECTION | JUAN ANTONIO GONZALEZ<br>UNITED STATES ATTORNEY |
| By: */s/ Paul A. Hayden*<br>PAUL A. HAYDEN<br>Trial Attorney<br>Fraud Section, Criminal Division<br>U.S. Department of Justice<br>1400 New York Avenue, N.W.<br>Washington, D.C. 20005<br>Telephone: 202-353-9370<br>Email: paul.hayden2@usdoj.gov | By: */s/ Kurt K. Lunkenheimer*<br>KURT K. LUNKENHEIMER<br>Assistant United States Attorney<br>Court ID No. A5501535<br>U.S. Attorney's Office - SDFL<br>99 N.E. 4th Street, Suite 600<br>Miami, FL 33132-2111<br>Telephone: (305) 961-9008<br>Email: Kurt.Lunkenheimer@usdoj.gov |